UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARI ROSSEN,

Plaintiff,

v.

ST DAVID'S SCHOOL, et al.,

Defendants.

25 Civ. 4042 (DEH) (SN)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Ari Rossen brings this suit against his former employer, St. David's School, along with David O'Halloran, and Alexis Aoyama (collectively, "Defendants"), alleging claims of discrimination, retaliation, hostile work environment, and aiding and abetting based on his religion and sexual orientation in violation of federal, New York State, and New York City laws. On June 9, 2026, Magistrate Judge Sarah Netburn issued a Report and Recommendation (the "Report" or the "R. & R.") on Defendants' Motion to Dismiss, ECF No. 21. *See* Report, ECF No. 38. The Report recommends that the motion be granted with respect to all of Mr. Rossen's claims except his hostile work environment claim under the New York City Human Rights Law ("NYCHRL"). Mr. Rossen objects to only one portion of the Report: its recommendation that his retaliation claim under the NYCHRL be dismissed.

For the reasons that follow, the Objection is **SUSTAINED** and the Report is **ADOPTED IN PART**. The Report is adopted as to all portions except its recommendation that the NYCHRL retaliation claim be dismissed. The motion to dismiss is therefore **GRANTED IN PART and DENIED IN PART**—that is, it is granted with respect to all claims except the NYCHRL retaliation and hostile work environment claims.

## BACKGROUND[1]

This action is assigned to Magistrate Judge Netburn for general pretrial supervision and report and recommendation on dispositive motions. The Court assumes familiarity with the factual background and relevant procedural history of the case as set forth in the Report. *See* Report at 2-6.

On June 9, 2026, Magistrate Judge Netburn issued the Report. ECF No. 38. As noted, the Report recommends that Defendants' motion to dismiss be granted with respect to all of Mr. Rossen's claims, except for his claim for hostile work environment under the NYCHRL. Mr. Rossen filed his objection on June 23, 2026, asking this Court to reject the Report's recommendation that his retaliation claim under the NYCHRL be dismissed, and to deny Defendants' motion to dismiss as to this claim. Pl.'s Obj., ECF No. 40. Defendants responded to Mr. Rossen's objections on July 7, 2026. Defs.' Resp. Opp'n Pl.'s Objs. ("Defs.' Resp."), ECF No. 42.

## LEGAL STANDARDS[2]

### I. Standard of Review

United States Magistrate Judges may "hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

[1] The facts as alleged in the Complaint and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

magistrate judge" when reviewing a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Parties may file "written objections" to the magistrate judge's "proposed findings and recommendations." *Id.*; *see* Fed. R. Civ. P. 72(b) (same). In reviewing objections, "the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made." *Vaccariello*, 295 F.R.D. at 67. The district judge has discretion when weighing the recommendations and proposed findings. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) (holding that the "delegation does not violate Art. III so long as the ultimate decision is made by the district court").

The parties' objections to a report and recommendation "are to be specific and are to address only those portions of the proposed findings to which [a] party objects." *Vaccariello*, 295 F.R.D. at 67. "[M]erely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers]" do not trigger *de novo* review. *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sep. 30, 2002); *see also Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009). Further, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all.").

When there is no timely objection by either party, the district court may accept the report and recommendation if "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985). If a party "makes only conclusory or general objections, or simply reiterates the original arguments, the [c]ourt will review the [r]eport strictly for clear error."

*Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

**II. Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The Court must, however, disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

**I. Portions of the Report for which There is No Objection**

As noted above, the Report recommends dismissal of all of Mr. Rossen's claims of discrimination, retaliation, hostile work environment, and aiding and abetting based on his religion and sexual orientation, under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), as well as all claims under the NYCHRL other than his hostile work environment claim. Mr. Rossen objects only to the Report's recommendation that his retaliation claim under the NYCHRL be dismissed, which the Court discusses below. He does not object to the Report's recommendation to dismiss other claims. And for their part, Defendants do not object to the Report's recommendation that their motion to dismiss be denied as to Mr. Rossen's hostile work environment under the NYCHRL.

The Court has reviewed the portions of the Report to which no objection has been lodged, and has found no error in them, clear or otherwise. It therefore **ADOPTS** these portions of the Report.

## II. Retaliation under the NYCHRL

The NYCHRL "prohibits employers from 'retaliat[ing] or discriminat[ing] in any manner against any person because such person has . . . opposed any practice forbidden under [the statute].'" *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013) (quoting N.Y.C. Admin. Code § 8-107(7)). To prevail on an NYCHRL retaliation claim, a plaintiff must show:

> 1) he engaged in a protected activity; 2) his employer was aware of that activity; 3) he suffered an action that would be reasonably likely to deter a person from engaging in a protected activity; and 4) that there was a causal connection between the protected activity and the action.

*Pilgrim v. McGraw-Hill Cos.*, 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009); *see also* N.Y.C. Admin. Code §§ 8-107(7), (16), (229). Following a 2005 amendment, the plaintiff need not prove "a materially adverse change in the terms and conditions of employment" but rather need only prove that "the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112. For a claim of student-on-teacher harassment, a teacher's complaint will qualify as protected activity where the teacher has complained "not only about a student's allegedly harassing behavior, but also about the school or supervisor's response to it." *Small v. N.Y.C. Dep't. of Educ.*, 650 F. Supp. 3d 89, 104 (S.D.N.Y. 2023) ("[T]he NYCHRL prohibit[s] discriminatory employment practices—[it does] not make a [student's] discriminatory comments illegal.").

The Report recommended that Mr. Rossen's NYCHRL retaliation claim be dismissed for two reasons: because he "ha[d] not plausibly alleged participation in a protected activity," and because he "fail[ed] to plausibly plead a causal connection between his alleged complaints and his termination from St. David's." Report at 26, 29. On the first point, the Report identified three

possible allegations as to protected activity from the First Amended Complaint ("FAC"), ECF No. 28. The Report discussed one allegation found on Paragraph 44 of the FAC:

> This laissez faire attitude from Defendants regarding students' problematic behavior is what opened the door for the discrimination and harassment that Plaintiff faced and Plaintiff shared this concern with Defendant Aoyama and Defendant O'Halloran in and around March 2021.

Report at 27. The Report stated that this allegation lacks sufficient specificity to establish that Mr. Rossen engaged in protected activity because it "does not specifically allege that his complaint was about Defendants' response to the antisemitic or anti-gay harassment he experienced." *Id.*

The Report is certainly correct that, standing alone, Paragraph 44 is not sufficiently specific. But Mr. Rossen contends that the preceding paragraphs provide some relevant context for it. Starting in Paragraph 29, the FAC states that, "[o]n or about March 15, 2021, Plaintiff was substitute teaching an 8th Grade History class," when a student identified as "HK" "began laughing and joking about The Reichstag Fire," and, with other students, began "intentionally mispronouncing Plaintiff's name as 'Rozen'" an intentional mispronunciation that "that sounded more Jewish." FAC ¶¶ 29-31. Mr. Rossen then "shared with the students that he had family members who were killed in the Holocaust, but the antisemitic taunts continued," and were followed by a harassing email. *Id.* ¶¶ 32-33. He then met with Defendant Aoyama about the incident and forwarded her the email and an additional one he received. *Id.* ¶¶ 33-36. Then, shortly after a meeting with another teacher on March 16, 2021, Mr. Rossen "was approached by Dr. Peter King, Chair of the School's Standards Committee, who asked him to recount the original incident and events that followed, which Plaintiff did." *Id.* ¶ 42.

Given that, at the motion to dismiss stage, the allegations should be construed in the light most favorable to the plaintiff, the Court concludes that, when reading Paragraphs 29 through 42 together, the FAC plausibly alleges that Mr. Rossen complained about the March 15 taunting

incident, which he alleges was antisemitic, to Defendant Aoyama, the Head of Upper School, and to Dr. King, Chair of the School's Standards Committee. *Id.* ¶¶ 29-42. And then, in Paragraph 44, Mr. Rossen alleges that, "in and around March 2021," he "shared th[e] concern with Defendant Aoyama and Defendant O'Halloran" that Defendants' "laissez faire attitude . . . regarding students' problematic behavior is what opened the door for the discrimination and harassment that Plaintiff faced." *Id.* ¶ 44.

The FAC is not the clearest exemplar of pleading, and so the Court understands why the Report recommends dismissal of this claim. But, applying the liberal pleading standard applicable on a motion to dismiss, it seems to the Court that Mr. Rossen alleges that: (1) he complained about the harassment on March 15; (2) he complained that his employer did not have an adequate response to it; and (3) that his employer was aware of these complaints—which, put together, are enough to adequately plead a protected activity for purposes of a retaliation claim under the NYCHRL.[3]

As for causation, the Report stated that the FAC "fails to plausibly plead a causal connection between his alleged complaints and his termination from St. David's" because "multiple other employees were also terminated with Plaintiff on April 16, 2021." Report at 29. The Report is certainly correct that the fact that Mr. Rossen was terminated with multiple other

---

[3] The Court notes that it agrees with the Report that the other two allegations of protected activity are insufficient to state a protected activity. The Court agrees that Paragraph 24—which states that "Plaintiff was unlawfully terminated after first reporting numerous incidents of antisemitic harassment, sexual harassment, and homophobic harassment from students, and then complaining regarding Defendants' failure to properly investigate these incidents and/or take action to prevent further misconduct"—is conclusory and alleges no specific facts to establish a protected action. *See* Report at 26. And Mr. Rossen's allegation about his complaint to Dr. Schwartzman fails because he has not alleged his employer was aware of this particular complaint. *See id.* at 28. While Mr. Rossen objects that the Report should not have credited this point because it was not raised by Defendants, he is plainly incorrect on this point. *See* Defs.' Resp. at 7 (citing Defs.' Mem. in Supp. of Mot. to Dismiss at 18, ECF No. 31).

employees for a proffered reason that is facially valid may ultimately weigh against a factual finding of causation. But "[a]t the pleading stage, close temporal proximity, even standing alone, can be sufficient to establish the requisite causal connection." *Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 189 (S.D.N.Y. 2024) (applying Title VII); *see also Witcher v. N.Y.C. Dep't of Educ*., No. 21 Civ. 7750, 2023 WL 2609342, at *14 (S.D.N.Y. Mar. 23, 2023) ("Although temporal proximity alone will not be enough to support [plaintiff's] claim on summary judgment, it is sufficient at the pleading stage."). Ultimately, the close temporal proximity here—with approximately one month between Mr. Rossen's complaints in March 2021 and his termination in April—may not be sufficient at a later stage of the litigation absent some additional evidence of causation, particularly in light of the fact that other employees were dismissed at the same time. But it is enough to survive a motion to dismiss.

**CONCLUSION**

Plaintiff's allegations in support of his NYCHRL retaliation claim are relatively thin, but the Court ultimately concludes that they sufficient to state a claim. Accordingly, the Report is **ADOPTED IN PART**. Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**. All claims are dismissed other than the retaliation and hostile work environment claims under the NYCHRL.

With respect to the dismissed claims, the Court will not grant leave to amend. The Report recommended that leave to amend be denied given that Mr. Rossen—who has filed "three administrative complaints (one with the benefit of retained counsel) and two complaints before this Court (both with the benefit of counsel)"—has had ample notice of deficiencies in his claims "and has had sufficient opportunity to cure those deficiencies." Report at 31. Mr. Rossen does not challenge that recommendation, and the Court finds no error in it, plain or otherwise. Accordingly, those claims are **DISMISSED WITH PREJUDICE**.

Magistrate Judge Netburn will issue an Order indicating next steps in this litigation.

The Clerk of Court is respectfully directed to close ECF No. 29.

SO ORDERED.

Dated: September 16, 2026

New York, New York

DALE E. HO
United States District Judge